UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

———————————————————X
U.S. Bank National Association, as Trustee
for Certificateholders of Bear Stearns Asset
Backed Securities I LLC Asset Backed
Certificates, Series 2005-AC6,
    Plaintiff,

v.                                                      CIVIL ACTION NO.

Virginia Duplessis a/k/a Virginia Stoll,
Jean Y. Duplessis, and Any and All
Occupants,
    Defendants.
———————————————————X

## COMPLAINT

NOW COMES the Plaintiff, U.S. National Association, as Trustee for Certificateholders of Bear Stearns Asset Backed Securities I LLC Asset Backed Certificates, Series 2005-AC6. ("U.S. Bank"), by and through its attorneys, Doonan Graves and Longoria LLC, and hereby files this Complaint seeking a Judgment authorizing it to foreclose the mortgage loan secured by the property located at 601 River Street, Mattapan, MA (the "Property") by alleging the following:

### PARTIES

1. U.S. Bank is a national bank organized and existing under the laws of the United States of America, with its principal place of business located at 425 Walnut Street, Cincinnati, OH. U.S. Bank can also be reached care of its loan servicer and attorney in fact, Select Portfolio Servicing Inc., 3217 S. Decker Lake Drive, Salt Lake City, UT 84119.

2. Virginia Duplessis a/k/a Virginia Stoll is an individual who, upon information and belief, currently resides at 30 NW 125th Street, North Miami, FL 33168.

3. Jean Y. Duplessis is an individual who, upon information and belief, currently resides at 30 Isabell Circle, Randolph, MA.

U.S. Bank, N.A., as Trustee v. Jean Y. Duplessis, et al.
601 River Street, Mattapan, MA
DG&L File No. 53287                               1

## JURISDICTION

4. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. Pursuant to 28 U.S.C. § 1651, any court of the United States may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law; further any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is the mortgage loan, currently owned by U.S. Bank, of which the Defendants are the mortgagors, and the total amount owed under the terms thereof is in excess of $1,008,257.60 plus attorney's fees and costs associated with the instant action and foreclosure. Further, although U.S. Bank may not recover the debt from the Defendants personally as a result of the Discharge they obtained in their Chapter 7 Bankruptcy, U.S. Bank seeks *in rem* relief against the Property pledged as security for the subject mortgage loan, which is valued at approximately $800,000.00. Thus, the amount in controversy exceeds the jurisdictional threshold of $75,000.00.

## VENUE

6. Venue is properly exercised pursuant to 28 U.S.C. § 1931(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Massachusetts and the Property is located in Massachusetts.

## FACTUAL ALLEGATIONS

7. On June 16, 2005, Virginia Duplessis executed and delivered a Promissory Note in favor of Entrust Mortgage, Inc. ("Entrust") in the amount of $472,000.00 ("Duplessis Note").[1]

8. The Duplessis Note is specifically endorsed to U.S. Bank.[2]

9. U.S. Bank is the holder/owner of the Duplessis Note.[3]

10. To secure the debt evidenced by the Duplessis Note, the Defendants, Jean Y. Duplessis and Virginia Duplessis (hereinafter collectively referred to as the "Mortgagors") gave a Mortgage on the Property to Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Entrust, dated June 16, 2005, and recorded with the Suffolk County Registry of Deeds in Book 37355, Page 22 ("Duplessis Mortgage").[4]

11. The Mortgagors defaulted under the terms of the Duplessis Mortgage Loan as a result of their failure to make the June 1, 2006, payment and all subsequent payments due thereunder.

12. The Duplessis Mortgage was assigned to U.S. Bank by virtue of an Assignment of Mortgage dated July 14, 2006, and recorded with the Suffolk County Registry of Deeds in Book 40107, Page 202.[5]

13. On October 23, 2006, the Mortgagors filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.[6]

14. On November 20, 2006, the United States Bankruptcy Court dismissed the Mortgagors'

---

[1] *See* Exhibit A (a true and correct copy of the Duplessis Note is attached hereto and incorporated herein).
[2] *See* Exhibit A.
[3] *See* Exhibit A.
[4] *See* Exhibit B (a true and correct copy of the Duplessis Mortgage is attached hereto and incorporated herein).
[5] *See* Exhibit C (a true and correct copy of the Assignment of Mortgage is attached thereto and incorporated herein).
[6] *See* Exhibit D (a true and correct copy of Docket for Petition No. 06-13821 is attached hereto and incorporated herein).

Chapter 7 Bankruptcy Petition for failure to file their bankruptcy schedules and other documents that were required in support of their Petition.[7]

15. On December 13, 2006, the Mortgagors filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code.[8]

16. On January 5, 2007, the United States Bankruptcy Court dismissed the Mortgagors' Chapter 11 Bankruptcy Petition for failure to file their bankruptcy schedules and other documents that were required in support of their Petition.[9]

17. On January 12, 2007, the Mortgagors filed a second voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code.[10]

18. On June 25, 2008, the Mortgagors' Chapter 11 Bankruptcy was converted to a petition under Chapter 7 of the United States Bankruptcy Code.[11]

19. On December 10, 2008, the Mortgagors received a Discharge in their Chapter 7 Bankruptcy.[12]

20. On January 20, 2009, the Defendant, Jean Y. Duplessis, filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code.[13]

21. On March 9, 2010, the United States Bankruptcy Court dismissed Jean Y. Duplessis' Chapter 13 bankruptcy for failure to make plan payments.[14]

---

[7] *See* Exhibit D.
[8] *See* Exhibit E (a true and correct copy of Docket for Petition No. 06-14747 is attached hereto and incorporated herein).
[9] *See* Exhibit E.
[10] *See* Exhibit F (a true and correct copy of Docket for Petition No. 07-10206 is attached hereto and incorporated herein).
[11] *See* Exhibit F.
[12] *See* Exhibit F.
[13] *See* Exhibit G (a true and correct copy of the Docket for Petition No. 09-10389 is attached hereto and incorporated herein).
[14] *See* Exhibit G.

22. The Mortgagors' joint Chapter 7 Bankruptcy was terminated on March 23, 2010.[15]

23. As a result of their default, on June 22, 2016, Select Portfolio Servicing, Inc. ("SPS"), the authorized servicer of the Duplessis Mortgage Loan, sent the Mortgagors, by first class and certified mail, a 90-day Notice of Right to Cure ("Notice of Right to Cure") and a Notice of Right to Request a Modified Mortgage Loan pursuant to G.L. c. 244, §§ 35A & 35B and the applicable terms of the Duplessis Mortgage Contract.[16]

24. The Mortgagors failed to cure their default by the July 22, 2016, deadline set forth in the Notice of Right to Cure.

25. On April 10, 2017, U.S. Bank caused to be recorded an Affidavit Pursuant to M.G.L. Chapter 244 Sections 35B and 35C ("Pre-Foreclosure Noteholder Affidavit") with the Suffolk County Registry of Deeds in Book 57783, Page 154 indicating that U.S. Bank is the holder/owner of the Duplessis Note.[17]

26. On December 8, 2018, the Defendant, Jean Y. Duplessis, filed a filed a third voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code.[18]

27. On May 27, 2020, the United States Bankruptcy Court dismissed Jean Y. Duplessis' third Chapter 11 bankruptcy on Motion by the U.S. Trustee.[19]

28. On March 14, 2021, the Defendant, Jean Y. Duplessis, field a fourth voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code.[20]

29. On June 23, 2021, the United States Bankruptcy Court dismissed Jean Y. Duplessis'

---

[15] *See* Exhibit F.
[16] *See* Exhibit H (a true and correct copy of the Notice of Right to Cure and Notice of Right to Request a Modified Mortgage Loan are attached hereto and incorporated herein).
[17] *See* Exhibit I (a true and correct copy of the Pre-Foreclosure Noteholder Affidavit is attached hereto and incorporated herein).
[18] *See* Exhibit J (a true and correct copy of the Docket for Petition No. 18-14565 is attached hereto and incorporated herein).
[19] *See* Exhibit J.
[20] *See* Exhibit K (a true and correct copy of the Docket for Petition No. 21-10321 is attached hereto and incorporated herein).

fourth Chapter 11 bankruptcy on Motion by the U.S. Trustee.[21]

## COUNT I
## SERVICEMEMBERS CIVIL RELIEF ACT

30. U.S. Bank repeats and re-alleges paragraphs 1 through 29 as if fully set forth herein.

31. A search of the Department of Defense Manpower Data Center online records, conducted on August 30, 2021, indicates that the Mortgagors are not currently on active duty with the United States Military.[22]

32. Accordingly, the Mortgagors are not entitled to the benefit of the Servicemembers Civil Relief Act, 50 U.S.C. App. § 501, *et seq*.

33. U.S. Bank seeks a judicial determination that the Mortgagors are not entitled to the benefit of the Servicemembers Civil Relief Act, 50 U.S.C. App. § 501, *et seq*.

## COUNT II
## CONDITIONAL JUDGMENT

34. U.S. Bank repeats and re-alleges paragraphs 1 through 33 as if fully set forth herein.

35. The Mortgagors are in default under the terms of the Duplessis Mortgage Loan Contract as a result of their failure to make the June 1, 2006 payment and all subsequent payments due thereunder.

36. The Mortgagors' default constitutes a material breach of the Duplessis Mortgage Loan Contract.[23]

37. U.S. Bank is the mortgagee of the Duplessis Mortgage.[24]

38. U.S. Bank is the holder/owner of the Duplessis Note.[25]

39. As a result of their default, on June 22, 2016, SPS, the authorized servicer of the

---

[21] *See* Exhibit K.
[22] *See* Exhibit L (a true and correct copy of the Search Results are attached hereto and incorporated herein).
[23] *See* Exhibits A & B.
[24] *See* Exhibit C.
[25] *See* Exhibit A.

Duplessis Mortgage Loan, sent the Mortgagors a Notice of Right to Cure by first class and certified mail pursuant to G.L. c. 244, § 35A and the notice provision set forth in Paragraph 22 of the Duplessis Mortgage Contract.[26]

40. As a result of the Mortgagors' default, U.S. Bank is entitled to foreclose the Duplessis Mortgage Loan by sale of the Property.[27]

41. Due to the Discharge that the Defendants obtained in their Chapter 7 Bankruptcy, U.S. Bank does not seek to recover the total debt personally from the Defendants, but rather, seeks *in rem* relief against the Property, which was pledged as security for the Duplessis Mortgage Loan.

42. Pursuant to G.L. c. 244, §§ 3 & 11, this Court should enter a Conditional Judgment in favor of U.S. Bank authorizing it to sell the Mortgagors' interest in the Property pursuant to the statutory power of sale incorporated into the Duplessis Mortgage Contract.

## COUNT III
### FORECLOSURE BY EXERCISE OF THE STATUTORY POWER OF SALE

43. U.S. Bank repeats and re-alleges paragraphs 1 through 42 as if fully set forth herein.

44. U.S. Bank alleges on information and belief that the Mortgagors are the only persons holding an equity of redemption in the Property covered by the Duplessis Mortgage so far as appears in the Suffolk County Registry of Deeds and as known to the Plaintiff.

45. The Duplessis Mortgage incorporates the statutory power of sale, found at G.L. c. 183, § 21, by reference.[28]

46. The Mortgagors are in default under the terms of the Duplessis Mortgage Loan Contract as a result of their failure to satisfy the payment obligations thereunder.

---

[26] *See* Exhibit H; *see also* Exhibit B, p. 13 ¶ 22.
[27] *See* Exhibit B, p. 13 ¶ 22.
[28] *See* Exhibit B, p. 13 ¶ 22.

47. Pursuant to G.L. c. 183, § 21, as incorporated within the terms of the Duplessis Mortgage, upon the entry of a Conditional Judgment in its favor, U.S. Bank seeks to proceed with a foreclosure sale of the Mortgagors' interest in the Property due to their default.

48. Due to the Discharge that the Defendants obtained in their Chapter 7 Bankruptcy, U.S. Bank does not seek to recover the total debt personally from the Defendants, but rather, seeks *in rem* relief against the Property, which was pledged as security for the Duplessis Mortgage Loan.

49. Pursuant to G.L. c. 244, § 11, upon entering a conditional judgment in favor of U.S. Bank, the Court should order the Mortgagors' interest in the Property sold pursuant to the statutory power of sale found at G.L. c. 183, § 21.

## COUNT IV
## APPOINTMENT OF RECEIVER

50. U.S. Bank repeats and re-alleges paragraphs 1 through 49 as if fully set forth herein.

51. Attached and incorporated into the Duplessis Mortgage is a Rider titled "1-4 Family Rider (Assignment of Rents)" (the "Rider").[29]

52. Pursuant to the terms of the Rider, upon their default, the Mortgagors shall assign to U.S. Bank all leases entered into and security deposits made in connection with the Property.[30]

53. The Rider further provides that the Mortgagors "absolutely and unconditionally assign[ ] and transfer[ ] to [U.S. Bank] all the rents and revenues . . . of the Property regardless of to whom the [r]ents of the Property are payable."[31]

54. The Rider attached and incorporated into the Duplessis Mortgage provides that U.S. Bank

---

[29] *See* Exhibit B, p. 16.
[30] *See* Exhibit B, p. 17 § G.
[31] *See* Exhibit B, p. 17 § H.

"shall be entitled to have a receiver appointed to take possession of and manage the Property and collect the [r]ents and profits derived from the Property without any showing as to the inadequacy of the Property as security."[32]

55. Pursuant to the terms of the Rider, the Court should enter an Order requiring the Mortgagors to provide copies of any and all Leases, rent rolls and an accounting of any and all rents and revenues derived from the Property since June 22, 2016.

56. Accordingly, this Court should Order the Defendants to turn over copies of any Leases, rent rolls and an accounting of rents and revenues derived from the Property since June 22, 2016, and appoint a Receiver for the purpose of managing and collecting rents and revenues derived from the Property.

WHEREFORE, U.S. Bank respectfully requests that this Court:

1. Enter a Judgment in favor of U.S. Bank that the Mortgagors are not entitled to the benefit of the Servicemembers Civil Relief Act;

2. Enter a Conditional Judgment in favor of U.S. Bank pursuant to G.L. c. 244, §§ 3 & 11;

3. Order the Mortgagors' interest in the Property sold pursuant to the statutory power of sale found at G.L. c. 183, § 21 as incorporated within the terms of the Duplessis Mortgage Contract;

4. Order the Mortgagors to provide copies of any Leases, rent rolls and an accounting of any and all rents and revenues derived from the Property since June 22, 2016;

5. Appoint a Receiver for the purposes of collecting rent from the tenants and managing the Property;

6. For such other and further relief as the Court deems just and equitable.

---

[32] *See* Exhibit B, p. 18 § H(vi).

                                                                        Respectfully Submitted,

U.S. National Association, as Trustee for Certificateholders of Bear Stearns Asset Backed Securities I LLC Asset Backed Certificates, Series 2005-AC6,
By its attorneys,

Dated: September 8, 2021

/s/ Reneau J. Longoria
Reneau J. Longoria, Esq. (BBO# 635118)
Brian C. Linehan, Esq. (BBO #690437)
Doonan, Graves & Longoria, LLC
100 Cummings Center Suite 303C
Beverly, MA 01915
Tel. (978) 921-2670
rjl@dgandl.com

---

# VERIFICATION

STATE OF UTAH)
COUNTY OF SALT LAKE)

I, Sherry Benight, being duly sworn, state:

I am a representative of Select Portfolio Servicing, Inc., the servicer and attorney in fact for U.S. National Association, as Trustee for Certificateholders of Bear Stearns Asset Backed Securities I LLC Asset Backed Certificates, Series 2005-AC6, the above-named Plaintiff in this action. I have read the Verified Complaint, am familiar with the contents thereof, and do thereby state that the same is true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

By: *Sherry Benight* 11-23-21

Sherry Benight, Document Control officer

---

State of UTAH)
County of SALT LAKE)

On this ____23____ day of __November__, 2021, before me, the undersigned notary public, personally appeared __Sherry Benight, Doc. Control Officer__, who proved to me through satisfactory evidence of identification which was __Personally Known__ to be the person whose name is signed on the preceding or attached document, and acknowledged that she signed it voluntarily for its stated purpose.

CARMEN BERUMEN
Notary Public State of Utah
My Commission Expires on:
May 31, 2023
Comm. Number: 706182

Name: _____
Notary Public
My Commission expires MAY 3 1 2023

---

U.S. Bank, N.A., as Trustee v. Jean Y. Duplessis, et al.
601 River Street, Mattapan, MA
DG&L File No. 53287

11